UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CARLOS H. LOPEZ,

    Plaintiff,

v.

SETAI OWNERS LLC, a Foreign
Limited Liability Company; and GHM
(SOUTH BEACH) LLC, a Foreign
Limited Liability Company,

    Defendants.
_____/

Case No.:

Date: April 20, 2012

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CARLOS H. LOPEZ, files this Complaint against Defendants, SETAI OWNERS LLC and GHM (SOUTH BEACH) LLC, and in support thereof states the following:

### INTRODUCTION

1. The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the Fair Labor Standards Act ("FLSA") were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to compensate them for the burden of a workweek beyond the hours fixed in the act. See *In re Novartis Wage & Hour Litig.* 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 USC Sec. 213

2. The Plaintiff, Carlos Lopez (referred here as "Plaintiff" "Lopez" or "Mr. Lopez"), worked under the title "IT Assistant Manager", however nothing about his duties would

Feldman, Fox & Morgado | 100 N. Biscayne Blvd. | Suite 2902 | Miami | Florida | 33132 | PH 305-222-7850

lead one to believe that he was an exempt *professional, executive or administrative* employee under the FLSA.

3. As explained herein, under applicable wage and hour laws, an employee is classified as exempt versus non-exempt according to their job duties, *not their job title*. Non-Exempt employees are entitled to overtime compensation regardless of whether they have an exempt title, if their duties do not reflect "exempt job duties" under the FLSA.

4. The Defendants misclassified Mr. Lopez as an exempt employee in an attempt to circumvent paying overtime; however, his work duties dictate that he should have been classified, and compensated, as a non-exempt employee.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

6. This Court has personal jurisdiction over this action because the Defendants are engaged in business within the State of Florida and the actions complained of occurred in Florida.

7. Venue is appropriate here in the Miami Division of the Southern District of Florida pursuant to 28 U.S.C. 1391(b) because the acts complained of occurred in Miami, Florida, as they took place at the Defendants' place of business, The Setai Resort & Residences, which is located at 2001 Collins Avenue, Miami, Florida 33139.

## THE PARTIES

8. At all times relevant to this action, Plaintiff, CARLOS H. LOPEZ, resided in Plantation, Broward County, Florida.

9. At all times relevant to this action, Plaintiff was employed by the Defendants.

10. At all times relevant to this action, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e)(1).

11. Defendant, SETAI OWNERS LLC (hereinafter "The Setai"), is a foreign for-profit corporation organized and existing under the laws of Delaware, with its principal place of business located at 1271 Avenue of the Americas, 39th Floor, New York City, New York 10020. Its registered agent for service in Florida is Corporation Service Company, whose address is 1201 Hays Street, Tallahassee, Florida 32301.

12. Defendant, The Setai, is affiliated with and is a subsidiary of Lehman Brothers Holdings, and owns The Setai Resort & Residences.

13. The Setai has more than two employees and generated more than $500,000 in revenues in the years preceding this lawsuit.

14. Defendant, GHM (SOUTH BEACH) LLC (hereinafter "GHM"), is a foreign for-profit corporation organized and existing under the laws of Delaware, with its principal place of business located at 2001 Collins Avenue, Miami, Florida 33139. Its registered agent for service in Florida is Corpdirect Agents, Inc., whose address is 515 East Park Avenue, Tallahassee, Florida, 32301.

15. GHM managed and operated The Setai Resort & Residences from the resort's opening in late 2004 until approximately late March 2012.

16. It is upon information and belief that GHM has more than two employees and generated more than $500,000 in revenues in the years preceding this lawsuit.

17. At all relevant times, the unlawful conduct against the Plaintiff described in each and all of the foregoing paragraphs were actuated, in whole or in part, by a purpose to serve the Defendants.

Feldman, Fox & Morgado | 100 N. Biscayne Blvd. | Suite 2902 | Miami | Florida | 33132 | PH 305-222-7850

18. The Defendants qualify for and are subject to enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint.

19. The Defendants are subject to the FLSA.

20. The FLSA defines "employer" as any "person" acting directly or indirectly in the interest of an employer in relation to an employee. 29 USC Sec. 203(d). See also (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer," but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes). *Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. Nev. 2009).

21. The Defendants employed the Plaintiff as an employee within the meaning of FLSA § 203.

## GENERAL ALLEGATIONS

22. The Plaintiff was employed by the Defendants from April 2010 through April 2011 and worked at The Setai Resort & Residences, located in Miami, Florida.

23. The Plaintiff was given the job title of "IT Assistant Manager" and was classified by the Defendants' as an exempt employee under the FLSA.

24. The Plaintiff was forced to work overtime hours, every week and was not paid overtime for hours worked in excess of 40 in any given work week.

25. FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. S 207(a)(1). The Act exempts certain employees from the overtime requirements. However, an "employer who claims an exemption from the

FLSA has the burden of showing that the exemption applies" see *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983).

26. Pursuant to the FLSA, the test for the *executive* exemption (which is nearly identical to the administrative exemption) requires that an employee's main, principal and "primary duty" consists of the "management of the enterprise" in which he or she is employed. In addition, the executive employee's work must include "the customary and regular direction" of work of two or more employees including the hiring and firing processes and "customarily and regularly exercises discretionary powers." The regulations define an exempt *administrative* employee as one whose "*primary duty*" consists of "office or non-manual work." A high degree of discretion and independence is also required by the employee for a successful classification under the executive and administrative exemptions.

27. Pursuant to the FLSA, an exempt *professional* employee is one whose work requires "theoretical and practical application of highly specialized knowledge in computer systems analysis, programming, or software engineering." The professional employee's work requires consistent exercise of discretion and judgment. The work must be "predominantly intellectual", as opposed to "routine mental, manual, mechanical, or physical work." At least 80% of the professional employee's time must be devoted to these tasks.

28. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

29. Plaintiff had the following job duties:

    a) Carrying equipment between the office and hotel,

Feldman, Fox & Morgado | 100 N. Biscayne Blvd. | Suite 2902 | Miami | Florida | 33132 | PH 305-222-7850

    b)    Running heavy cable for events,

    c)    Running heavy cable through walls,

    d)    Running heavy cable through ceilings,

    e)    Running heavy cable on the beach,

    f)    Installing stereo equipment,

    g)    Fixing modems,

    h)    Fixing televisions,

    i)    Fixing phone lines,

    j)    Installing On-Demand video systems, and

    k)    Manually carrying televisions to set up presentations.

30. Accordingly, Plaintiff had job duties that primarily consisted of manual, menial work.

31. Plaintiff's duties did not include the direction or management of any employees. This includes the complete lack of authority to hire or fire any candidate or employee. Accordingly, Plaintiff had no executive role or duties.

32. Plaintiff's duties included minor computer work, and did not involve any analysis, programming, or engineering. Plaintiff's time at the computer involved only routine manual work, work that did not require any specialized knowledge or training. His total time spent in front of a computer was only between 15% and 20%. Accordingly, Plaintiff had no professional role or duties.

33. The duties required of Plaintiff were set by his IT manager as directed by his superiors.

34. As such, the Plaintiff is not exempt from the requirements of overtime, minimum wage, or FLSA.

35.     Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

36.     Plaintiff was forced to work overtime hours, every week, doing tasks that were not under his job description.  The Plaintiff's direct manager, Michael Beers, explained to the Plaintiff that he was expected to be available for, "whatever reason at whatever hour."

37.     In fact, the Plaintiff was required to be "on-call" and available to work twenty four hours per day and seven days per week.  On busy weekends and holidays, the Plaintiff was not only required to be "on-call" but was also required to be on the premises twenty four hours per day, leaving Mr. Lopez to sleep on a cot in a small room at the office location.

38.     Mr. Lopez was only paid for a forty (40) hour work week when in actuality he routinely worked 13 to 16 hours per day, 6 days per week, and was required to be "on call" the remaining hours. Plaintiff was prohibited from claiming these overtime hours and was not compensated for his overtime hours.

39.     Mr. Lopez was improperly classified by the Defendants as exempt; however, his work duties dictate he should have been classified and compensated as a non-exempt employee.

40.     All employers subject to the Fair Labor Standards Act must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

41.     Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. See 29 U.S.C. § 215(a)(5). See Dunlop v. Gray-Goto, Inc., 528 F.2d

792 (10th Cir. 1976).

42. Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the Act. An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked. See *Wirtz v. First State Abstract Ins. Co.*, 362 F.2d 83 (8th Cir. 1966); *Boekemeier v. Fourth Universalist Soc'y*, 86 F. Supp. 2d 280 (S.D.N.Y. 2000). An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. See *Myers v. The Copper Cellar Corp.*, 192 F.3d 546, 551

43. Evidence reflecting the precise number of overtime hours worked by Plaintiff, as well as the applicable compensation rates, is in the possession of Defendants. If these records are unavailable, Plaintiff may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

44. Plaintiff alleges that Defendants' failure to pay overtime was knowing and willful. Accordingly, Plaintiff is entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages and attorneys' fees under the FLSA's three year statute of limitations.

45. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

## COUNT I
## OVERTIME DUE UNDER THE FLSA

46. Plaintiff readopts and realleges paragraphs one (1) through forty five (45) as if fully set forth herein verbatim.

47. At all relevant times, the Defendants employed Plaintiff within the meaning of the FLSA.

48. As stated herein, Plaintiff was improperly classified by the Defendants as exempt; however, his work duties dictate he should have been classified and compensated as a non-exempt employee.

49. Defendants' failure to pay Plaintiff overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek, is a violation of the FLSA, in particular 29 U.S.C. § 207.

50. Defendants willfully classified Plaintiff in an effort to circumvent paying earned overtime; however, under applicable employment law, an employee is classified as exempt versus non-exempt according to their job duties. Non-exempt employees are entitled to overtime compensation regardless of whether they have an exempt title, if their duties do not reflect "exempt job duties" under the FLSA.

51. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52. Due to Defendants' FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendant the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

53. WHEREFORE Plaintiff prays for:

    a. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA.

b. That the Court finds the Defendants in violation of the overtime compensation provisions of the FLSA and that the Court finds that Defendants' violation of the FLSA was and is willful.

c. That the Court award Plaintiff overtime compensation for all the previous hours worked over forty (40) hours in the last three years, that he did not receive at least one and one-half time compensation for, in any given work week, AND liquidated damages of an equal amount; in addition attorneys' fees and costs under § 216 of the FLSA.

d. That the Court award any other legal and equitable relief as this Court may deem appropriate.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Filed this 20th day of April, 2012.

Respectfully submitted:

*Dale J. Morgado*

Dale J. Morgado, Esquire
Feldman, Fox & Morgado, P.A.
*Attorney for Plaintiff*
100 North Biscayne Boulevard, Suite 2902
Miami, Florida 33132
305-222-7850 Telephone
305-384-4676 Facsimile
FBN: 0064015
Email: dmorgado@ffmlawgroup.com

4813-3048-6799, v. 1